

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00104-CV

IN THE INTEREST OF A.W., A CHILD

On Appeal from the County Court at Law No. 2
Potter County, Texas
Trial Court No. 091267-2-FM, Honorable Carry Baker, Presiding

June 21, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

The trial court terminated C.W.'s parental rights to her daughter, A.W., and C.W. appealed from that order. Appointed counsel for C.W. has filed a motion to withdraw, together with an *Anders*[1] brief in support thereof. In the latter, counsel certified that she diligently searched the record and concluded that the appeal was without merit. Appellate counsel also filed a copy of a letter sent to C.W. informing her of her right to file a pro se response. C.W. was also provided a copy of the appellate record, according to counsel. By letter dated May 14, 2019, this Court also notified C.W. of her right to file her own brief

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

or response by June 3, 2019, if she wished to do so. To date no response has been received.[2]

In compliance with the principles enunciated in *Anders*, appellate counsel discussed two potential areas for appeal, which included the sufficiency of the evidence to support 1) the statutory grounds alleged and 2) termination is in the best interest of the child. Per our obligation specified in *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied) (citing *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005)), we too reviewed the appellate record in search of arguable issues for appeal. None were found.

Per *In re N.G.*, __ S.W.3d __, __, 2019 Tex. LEXIS 465 (Tex. May 17, 2019) (per curiam), we also conducted an independent review of the evidence underlying the trial court's findings that termination was warranted under § 161.001(b)(1)(D) and (E) of the Texas Family Code. That evidence illustrated 1) C.W. abused controlled substances (methamphetamine) during her pregnancy with A.W., 2) A.W. was removed because she tested positive at birth for the presence of methamphetamine, 3) after the removal of A.W., C.W. failed to complete the services required of her to regain possession of A.W., 4) C.W. failed or refused to submit to court ordered drug testing, 5) C.W. continued to consume controlled substances after the birth and removal of A.W., 6) C.W. had pled guilty in May of 2018 to the felony offense of interfering with child custody and at the time of the final hearing, the State had moved to adjudicate her guilt for that crime, 7) C.W. informed the Texas Department of Family and Protective Services (CPS) caseworker, via

---

[2] C.W. earlier informed the Clerk's office that she had not received a copy of the record. The Court directed her to contact her attorney and file a motion, by June 13, 2019, requesting an extension of the deadline to file a response. No such motion was filed by C.W.

text, that she (C.W.) desired to voluntarily relinquish her parental rights to A.W., and 8) C.W. voluntarily relinquished her parental rights to children born prior to A.W. Combined, this evidence is both legally and factually sufficient to support a finding warranting termination under (D) and (E). *See In re V.A.*, No. 07-17-00413-CV, 2018 Tex. App. LEXIS 1521, at *10 (Tex. App.—Amarillo Feb. 27, 2018, no pet.) (mem. op.) (stating that a parent's continued use of drugs demonstrates an inability to provide for the child's emotional and physical needs and a stable environment); *In re S.H.*, No. 07-15-00177-CV, 2015 Tex. App. LEXIS, 9731 at *8 (Tex. App.—Amarillo Sept. 16, 2015, no pet.) (mem. op.) (stating that "[f]rom the evidence presented, the trial court reasonably could have reached a firm conviction W.W. had pursued a course of conduct, through her chronic drug use, that endangered S.H.'s physical and emotional well-being" which warranted termination under § 161.001(1)(E)).

We concur with counsel's representation that the appeal is meritless due to the absence of arguable error. Accordingly, the judgment is affirmed.[3]

Brian Quinn
Chief Justice

---

[3] We call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review. Counsel has filed a motion to withdraw, on which we will take no action. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).